## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60323-CIV-SCOLA/ROSENBAUM

ALLEN F. STEWART,

       Petitioner,

v.

SPIRIT AIRLINES/ALPA,
SYSTEM BOARD OF ADJUSTMENT,

       Respondent.

_____/

## ORDER ON PETITIONER'S MOTIONS

       This matter is before the Court on two Motions referred to me by the Honorable Robert N. Scola, Jr. [D.E. 8]:  Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [D.E. 3] and Petitioner's Motion for Order to Compel Record Assembly and Further Compliance with 45 U.S.C. §§ 158(k) and 157, Third (f) ("Motion to Compel Record Assembly") [D.E. 13].  The Court has reviewed Petitioner's Motions, the filings supporting the Motions, and the other information in the case file.[1]  For the reasons set forth below, the Court grants Petitioner's Motion to Proceed *In Forma Pauperis* but denies Petitioner's Motion to Compel Record Assembly.

## I.      Background

       On February 24, 2012, Petitioner Allen F. Stewart filed a Petition seeking review of an arbitration award issued by Respondent Spirit Airlines/ALPA System Board of Adjustment. *See* D.E. 1.  That award denied a grievance concerning the termination of Stewart's employment as

---

[1]Although Respondent has waived service, *see* D.E. 14, it has not yet appeared in this action and therefore has not responded to Petitioner's Motions.  No such responses are needed, however, for the Court to decide these Motions.

a pilot with Spirit Airlines, Inc.  *See* D.E. 1-1.  Along with his Petition, Stewart filed an application to proceed *in forma pauperis* ("IFP").  *See* D.E. 3.  Stewart subsequently filed an Amended Petition. *See* D.E. 9.  Stewart also filed his Motion to Compel Record Assembly, which seeks to require Respondent to provide a certified copy of its arbitration award to Stewart and to certify and file the original award and the arbitration record with this Court.  *See* D.E. 13.

## II.      Motion to Proceed IFP

A district court may authorize the commencement of a civil action without prepayment of fees or the giving of security therefor, if the potential plaintiff has filed an affidavit indicating that he or she is unable to pay such fees or give such security.  *See* 28 U.S.C. § 1915(a)(1).[2]  A court has "wide discretion" in determining whether to grant or deny a motion pursuant to § 1915(a). *See Martinez v. Kristi Kleaners*, *Inc*., 364 F.3d 1305, 1306 (11th Cir. 2004)  (per curiam) (internal quotation marks omitted).  This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts."  *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989).  As the Fifth Circuit explained, "Under subsection (a), the commencement or filing of the suit depends solely on whether the affiant is economically eligible.   The only determination to be made by the Court under

---

[2]Section 1915(a)(1) provides as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

*Id.*  "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."  *Martinez v. Kristi Kleaners*, *Inc*., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (citing *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997); *Floyd v. U.S. Postal Serv*., 105 F.3d 274, 275 (6th Cir. 1997)).

§ 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[3]  The statute does not grant parties an "absolute right to proceed in civil actions without payment of costs."  *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 33 (S.D. Fla. 1984).

When a litigant applies for IFP status, "[a]n affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez*, 364 F.3d at 1307 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)).  However, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis."  *Levy*, 607 F. Supp. at 34 (internal quotation marks omitted).  "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307 (citing *Adkins*, 335 U.S. at 339).

Stewart has applied for IFP status in a Motion patterned after a form provided by the Clerk of the Southern District of Florida.  *See* D.E. 3.  The Motion includes a declaration by Stewart that he is "unable to pay the costs of these proceedings and that [he is] entitled to the relief requested."  *Id.* at 1.  The Motion also contains Stewart's responses to questions about (1) his employment and any income therefrom; (2) income from various other possible sources; (3) money in cash or in bank accounts; (4) assets such as real estate and automobiles; (5) dependents; and (6) monthly expenses such as housing, utilities, and food.  *See id.* at 1-5.  Stewart declares that he is not presently employed and that he receives $200.00 per month in public assistance.  *See id.* at 1-2.  Aside from

---

[3]Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

$245.00 in cash, the only asset Stewart lists is a home valued at $135,000.00.  *See id.* at 2-3.  In

subsequent filings with the Court, Stewart indicates that he has no equity in his home, that his

mortgage is in foreclosure, and that he has moved to Arizona to live with relatives.  *See* D.E. 12 at

2; D.E. 17 at 2.[4]  Stewart has two minor children who rely on him for support.  *See* D.E. 3 at 3.

Further, he lists monthly expenses (utilities and food) totaling $167.00.  *See id.* at 3-5.

Stewart's Motion and other filings demonstrate that, due to his financial circumstances, he

"is unable to pay for the court fees and costs, and to support and provide necessities for himself and

his dependents."  *Martinez*, 364 F.3d at 1307 (citing *Adkins*, 335 U.S. at 339).  Stewart relies on

public assistance and the support of relatives to cover basic necessities, and he has no other income

or significant assets.  Section 1915(a) "is not to be construed such that potential litigants are forced

to become public charges or abandon their claims because of the filing fee requirements."  *Id.* (citing

*Adkins*, 335 U.S. at 339-40).  Stewart's Motion and related filings, which make clear that he has no

spare funds with which to pay court fees and costs, are sufficient on their face to show that Stewart

is financially eligible to proceed *in forma pauperis*.

Accordingly, it is hereby **ORDERED** that Petitioner's Motion for Leave to Proceed *In

Forma Pauperis* [D.E. 3] is **GRANTED**.  Stewart may proceed *in forma pauperis* in accordance

with 28 U.S.C. § 1915.  The Petition herein shall be filed by the Clerk of Court *nunc pro tunc* as of

the date of its receipt.[5]

---

[4]The Court twice directed Stewart to explain certain discrepancies between the financial
declarations in his present Motion and in another Motion filed by Stewart seeking leave to proceed
IFP on appeal in a related action.  *See* D.E. 10; D.E. 15.  Having reviewed Stewart's responses,
*see* D.E. 12; D.E. 17, the Court finds that he has adequately explained the differences between the
two Motions.

[5]It is unnecessary for the Court to direct service of process because Respondent has executed
a waiver of service.  *See* D.E. 14; Fed. R. Civ. P. 4(d).

### III.    Motion to Compel Record Assembly

In his Motion to Compel Record Assembly, Stewart seeks an Order compelling Respondent "to comply with 45 U.S.C. §§ 158(k) and 157, Third (f)." D.E. 13 at 1. Stewart contends that these provisions require Respondent to provide a certified copy of its arbitration award to Stewart and to certify and file the original award and the record of arbitration proceedings with this Court. *See id.* at 2. But the statutes that Stewart relies on are inapplicable here. They apply to awards issued by specially appointed arbitration boards—not to awards rendered by system boards of adjustment like Respondent. *See* 45 U.S.C. § 157, First (allowing parties to submit to a special arbitration board disputes "not settled . . . by the appropriate adjustment board").

The arbitration award that Stewart challenges is authorized by 45 U.S.C. § 184, which permits boards of adjustment to resolve grievances and other disputes between air carriers and their employees. An employee aggrieved by such an award may seek judicial review in accordance with 45 U.S.C. § 153, First (q). *See Steward v. AirTran Airways, Inc.*, 221 F. Supp. 2d 1307, 1311 (S.D. Fla. 2002), *aff'd sub nom. Steward v. Mann*, 351 F.3d 1338 (11th Cir. 2003); *see also Parsons v. Cont'l Airlines, Inc.*, 215 F. App'x 799, 800-01 (11th Cir. 2007) (per curiam) (reviewing, under § 153(q), system board of adjustment's arbitration award upholding pilot's termination). Indeed, Stewart's Amended Petition "seeks relief pursuant to 45 U.S.C. § 153(q) . . . ." D.E. 9 at 1.

After an employee files a petition for review under § 153(q), the adjustment board "shall file in the court the record of the proceedings on which it based its action." 45 U.S.C. § 153, First (q).[6] Therefore, once Respondent appears in this action, it is obliged to file the record underlying its

---

[6]Another provision of § 153 indicates that the adjustment board must furnish "[a] copy" of its award to "the respective parties to the controversy." 45 U.S.C. § 153, First (m). It is clear that Stewart has already received a copy of Respondent's arbitration award, *see* D.E. 1-1, and nothing in this statute requires Respondent to provide him with the certified copy he now seeks.

5

arbitration award. *See* D.E. 1-1 at 2 (describing record of arbitration proceedings and stating that "all aspects of the record have been considered in the preparation of this Opinion and Award"). Under § 153(q), however, Respondent need not provide the certifications and original award demanded by Stewart. Moreover, unless and until Respondent fails to file the record of the arbitration proceedings as required by statute, an order compelling Respondent to do so is unwarranted. For these reasons, it is hereby **ORDERED** that Petitioner's Motion for Order to Compel Record Assembly and Further Compliance with 45 U.S.C. §§ 158(k) and 157, Third (f) [D.E. 13] is **DENIED**.

　　　　　**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 29th day of March, 2012.

　　　　　　　　　　　　　　　　　ROBIN S. ROSENBAUM
　　　　　　　　　　　　　　　United States Magistrate Judge

cc:　　Hon. Robert N. Scola, Jr.
　　　　Allen F. Stewart, *pro se*
　　　　Clerk of Court